UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

TYREE SKIPPER,                          )     CASE NO. 5:07 CV 2944
                                        )
        Petitioner,                     )     JUDGE SOLOMON OLIVER, JR.
                                        )
    v.                                  )
                                        )     MEMORANDUM OF OPINION
STATE OF OHIO,                          )     AND ORDER
                                        )
        Respondent.                     )

On September 26, 2007, petitioner pro se Tyree Skipper filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Skipper is incarcerated in an Ohio correctional institution, having been convicted in 2005, pursuant to a guilty plea, of burglary. For the reasons stated below, the petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b).

The petition reflects that Skipper filed several post-conviction motions in pursuit of his desire to withdraw his guilty plea, but these motions were denied. He did not appeal the denial of post-conviction relief. Such an appeal is now precluded. State v. Ruff, 70 Ohio St.3d 1461 (1994); State v. Nichols, 11 Ohio St.3d

40 (1984). Thus, petitioner procedurally defaulted in the state court on any issues concerning his convictions.

If a procedural bar in the state court exists, this court will not consider the habeas claims raised unless a petitioner establishes adequate cause to excuse his failure to properly raise the claims in the state court and actual prejudice to case. Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir. 1991)(citing Murray v Carrier, 477 U.S. 478, 488 (1986); see, Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); see also, Hannah v. Conley, 49 F.3d 1193, 1197 (6th Cir. 1995)(pro se status and ignorance of rights do not constitute cause excusing a petitioner's failure to properly raise grounds before the state courts). No such showing is reasonably suggested by the petition.

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

December 14, 2007

2